Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Claude Axley & Karen Sweet-Axley, | ) Case No. |
| | ) |
| Plaintiffs, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Portfolio Recovery Associates, LLC and | ) |
| Portfolio Recovery Associates, Inc., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs actions occurred in this district, where Plaintiffs reside in this district, and/or where Defendants transact business in this district.

**PARTIES**

4.      Plaintiffs, Claude Axley & Karen Sweet-Axley ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Arizona, County of Yavapai, and City of Prescott Valley.

5.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Portfolio Recovery Associates, LLC ("PRA, LLC") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant, Portfolio Recovery Associates, Inc., ("PRA, INC.") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiffs.

8.      Portfolio Recovery Associates, LLC and Portfolio Recovery Associates, Inc., ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

9.      Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than PRA, LLC.

10.      Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than PRA, LLC, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11.     Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than PRA, LLC.

12.     PRA, LLC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.     PRA, INC. purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14.     PRA, INC. acquired Plaintiffs' debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15.     PRA, INC. is thoroughly enmeshed in the debt collection business, and PRA, INC. is a significant participant in PRA, LLC's debt collection process.

16.     In connection with the collection of an alleged debt in default, PRA, LLC, itself and on behalf of PRA, INC., placed a call to Plaintiffs' residential telephone on December 20, 2011 at 8:36 A.M. MST, and at such time, confirmed that Plaintiff Claude Axley ("Mr. Axley") was Plaintiff Karen Sweet-Axley's ("Ms. Sweet-Axley") spouse.

17.     During the December 20, 2011 telephone communication, PRA, LLC told Mr. Axley that "[he] was responsible for the bill because [he] was [Ms. Sweet-Axley's] husband."

18.     In response to Defendants' demand for payment, Mr. Axley verbally demanded verification of the alleged debt, and demanded that Defendants cease and desist from placing any further telephone calls to Plaintiffs.

19.     Immediately following Mr. Axley's demand for verification of the alleged debt, PRA, LLC stated that verification had been previously sent to "8221 E. Prescott Rd., Prescott Valley, AZ" on November 16, 2011.

20.     Mr. Axley confirmed that 8221 E. Prescott Rd., Prescott Valley, AZ was Plaintiffs' correct residential address, but that Plaintiffs had not received any written communication from Defendants.

21.     Mr. Axley had told PRA, LLC that he was battling cancer and further telephone calls without having received a written bill would only serve to cause Mr. Axley stress.

22.     Further, during the December 20, 2011 telephonic communication, Defendants used profane and abusive language, which included but was not limited to concluding the conversation by stating "Well F[---] you very much."

23.     Contrary to Defendants' statement on December 20, 2011 that verification of the alleged debt was sent to 8221 E. Prescott Rd., Prescott Valley, AZ on November 16, 2011, Defendants sent the November 16, 2011 written communication to "1112 MANOR LAKE DR APT 203 NAPLES FL 34110-8125" ("Naples Address").  *See* correspondence attached hereto as, Exhibit A.

24.     Upon information and good-faith belief, the debt allegedly owed by Ms. Sweet-Axley was incurred prior to her marriage to Mr. Axley.

25.     Upon being informed by Mr. Axley on December 20, 2011 that Plaintiffs reside at 8221 E. Prescott Rd., Prescott Valley, AZ, Defendants possessed actual knowledge of Plaintiffs' correct and current location information.

26.     Despite Defendants' actual knowledge of Plaintiffs' correct and current location information, Defendants placed a telephone call to third party Diedre Sweet on December 21, 2011 at 5:02 P.M. EST.

27.     Despite Mr. Axley's demand that Defendants cease and desist from placing any and all telephone calls to Plaintiffs, PRA, LLC placed a call to Plaintiffs' residence on December 21, 2011 at 3:03 P.M. MST.

28.     Despite Mr. Axley's demand that Defendants cease and desist from placing any and all telephone calls to Plaintiffs, PRA, LLC placed a call to Plaintiffs' residence on December 21, 2011 at 8:50 P.M. MST.

29.     As a result of Defendants' harassing efforts to collect the outstanding debt alleged due, Mr. Axley suffered personal humiliation, embarrassment, mental anguish, and emotional distress.

30.     The personal humiliation, embarrassment, mental anguish, and emotional distress that Mr. Axley suffered was a natural consequence of Defendants' harassing efforts to collect the outstanding debt alleged due.

31.     The personal humiliation, embarrassment, mental anguish, and emotional distress that Mr. Axley suffered as a result of Defendants' harassing efforts to collect the outstanding debt alleged due constitute mental anguish more than mere worry, anxiety, vexation, inconvenience, or unpleasantness.

32.     Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiffs suffered and continue to suffer

injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692c(a)(1)
### DEFENDANT PRA, LLC

33.    Plaintiffs repeat and re-allege each and every allegation above.

34.    PRA, LLC violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiffs at times or places which were known or should have been known to be inconvenient for Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that PRA, LLC violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692c(a)(1)
### DEFENDANT PRA, INC.

35.    Plaintiffs repeat and re-allege each and every allegation above.

36.     PRA, INC. violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiffs at times or places which were known or should have been known to be inconvenient for Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that PRA, INC. violated 15 U.S.C. § 1692c(a)(1);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692c(b)**
**DEFENDANT PRA, LLC**

37.     Plaintiffs repeat and re-allege each and every allegation above.

38.     PRA, LLC violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b, without having received the prior consent of Plaintiffs or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that PRA, LLC violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692c(b)
### DEFENDANT PRA, INC.

39.    Plaintiffs repeat and re-allege each and every allegation above.

40.    PRA, INC. violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b, without having received the prior consent of Plaintiffs or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that PRA, INC. violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692d**
**DEFENDANT PRA, LLC**

41.   Plaintiffs repeat and re-allege each and every allegation above.

42.   PRA, LLC violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including Defendant's use of profane language, and also Defendant's contacting a third party when Defendant knew the consumer's name and telephone number and could have reached her directly.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that PRA, LLC violated 15 U.S.C. § 1692d;

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATIONS OF 15 U.S.C. § 1692d
## DEFENDANT PRA, INC.

43.     Plaintiffs repeat and re-allege each and every allegation above.

44.     PRA, INC. violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including Defendant's use of profane language, and also Defendant's contacting a third party when Defendant knew the consumer's name and telephone number and could have reached her directly.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)   Adjudging that PRA, INC. violated 15 U.S.C. § 1692d;

b)   Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692d(2)
## DEFENDANT PRA, LLC

45.     Plaintiffs repeat and re-allege each and every allegation above.

46.     PRA, LLC violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which was to abuse a person, in connection with collection of an alleged debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that PRA, LLC violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATIONS OF 15 U.S.C. § 1692d(2)
## DEFENDANT PRA, INC.

47.     Plaintiffs repeat and re-allege each and every allegation above.

48.     PRA, INC. violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which was to abuse a person, in connection with collection of an alleged debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that PRA, INC. violated 15 U.S.C. § 1692d(2);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT IX**
**VIOLATION OF 15 U.S.C. § 1692d(5)**
**DEFENDANT PRA, LLC**

49.     Plaintiffs repeat and re-allege each and every allegation above.

50.     PRA, LLC violated 15 U.S.C. § 1692d(5) by causing Plaintiffs' telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that PRA, LLC violated 15 U.S.C. § 1692d(5);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF 15 U.S.C. § 1692d(5)
## DEFENDANT PRA, INC.

51.  Plaintiffs repeat and re-allege each and every allegation above.

52.  PRA, INC. violated 15 U.S.C. § 1692d(5) by causing Plaintiffs' telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that PRA, INC. violated 15 U.S.C. § 1692d(5);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT XI**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**DEFENDANT PRA, LLC**

53.     Plaintiffs repeat and re-allege each and every allegation above.

54.     PRA, LLC violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' alleged debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that PRA, LLC violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT PRA, INC.

55.     Plaintiffs repeat and re-allege each and every allegation above.

56.     PRA, INC. violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' alleged debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that PRA, INC. violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII
## VIOLATION OF 15 U.S.C. § 1692e(10)
## DEFENDANT PRA, LLC

57.     Plaintiffs repeat and re-allege each and every allegation above.

58.     PRA, LLC violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs, which included but was not limited to: misrepresenting that Mr. Axley was responsible

for the alleged debt; misrepresenting that verification was sent to the Prescott Address in November when, in fact, a letter was sent to the Naples Address; misrepresenting that Defendant did not have Plaintiffs' correct location information, when in fact, Defendant had confirmed such information the previous day.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that PRA, LLC violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIV
## VIOLATION OF 15 U.S.C. § 1692e(10)
## DEFENDANT PRA, INC.

59.    Plaintiffs repeat and re-allege each and every allegation above.

60.    PRA, INC. violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs, which included but was not limited to: misrepresenting that Mr. Axley was responsible for the alleged debt; misrepresenting that verification was sent to the Prescott Address in

November when, in fact, a letter was sent to the Naples Address; misrepresenting that Defendant did not have Plaintiffs' correct location information, when in fact, Defendant had confirmed such information the previous day.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that PRA, INC. violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XV
## VIOLATION OF 15 U.S.C. § 1692g
## DEFENDANT PRA, LLC

61.   Plaintiffs repeat and re-allege each and every allegation above.

62.   PRA, LLC violated 15 U.S.C. § 1692g by failing to provide Plaintiffs with the disclosures required by 15 U.S.C. § 1692g(a) in its initial communication, or in writing within five days thereafter.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that PRA, LLC violated 15 U.S.C. § 1692g;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XVI
## VIOLATION OF 15 U.S.C. § 1692g
## DEFENDANT PRA, INC.

63. Plaintiffs repeat and re-allege each and every allegation above.

64. PRA, INC. violated 15 U.S.C. § 1692g by failing to provide Plaintiffs with the disclosures required by 15 U.S.C. § 1692g(a) in its initial communication, or in writing within five days thereafter.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that PRA, INC. violated 15 U.S.C. § 1692g;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

65.   Plaintiffs are entitled to and hereby demand a trial by jury.


Respectfully submitted this 19th day of June, 2012.

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiffs